Shearer, J.
(orally, memorandum report).
The original action was brought before a justice of the peace, and by appeal taken to the court of common pleas where the plaintiff in error filed a petition, claiming judgment against the defendant in error upon a demand for the tuition of certain school children residents of the school district under the jurisdiction of the defendant in error, alleging that the said children were permitted by the plaintiff, with the full knowledge, consent and acquiescence of the defendant, to attend the school in Bellbrook Special District, being the school under the jurisdiction of the plaintiff board; that this was with the knowledge of the plaintiff board; that said children were non-residents of plaintiff’s district, were of school age, and resided more than one and one-half miles from the school-house in the district of their residence; also the presentment and rejection of said claim, and praying judgment. The defendant board by its answer denies that it granted permission to said children to attend said Bellbrook school; alleged that they were legal residents of the district under its jurisdiction known as Sugar Creek Township District No. 2; that no application was made on behalf of said children for permission for them to attend said Bellbrook school, nor was any such permission or authority granted; that if they attended another school, they were admitted without the authority or permission of the defendant board, etc.
*618 A demurrer to this defense was overruled, and this is assigned as error. The determination of this question depends upon the construction of section 4022a Rev. Stat. as amended and supplemented April 25, 1893, (91 O. L. 295), which is to be arrived at by a consideration of the old law, the mischief and the remedy.
It is not necessary to discuss the objects to be attained by the school la-ws,nor the history of these laws farther than they are concerned here.
Original section 4022, as found in the Revised Statutes provided that one board of education might contract with another for the admission of pupils into any school in such district upon such terms as might be agreed upon, and that the expenses should be paid out of the school funds of the sending board. Then the whole matter of the education of pupils in schools outside of the district of their residence was the subject of contract between the boards. If there was no contract, no rights or liabilities arose. But in April, 1892, (89 O. L. 233) said original section was supplemented by section 4022a, w'hicli provides that boards of education shall permit children of school age who reside more than one and one-half miles from the school where they have a legal residence, to attend the nearest sub-district, special district or joint sub-district school, and that the tax paid into the district where they .have a legal residence shall, upon demand by the board of the district where such children attend school, be paid per capita to such board by the board of the district wherejsaid children have a legal residence, which per capita shall be ascertained by dividing the total amount of money received by any such district by the number of scholars of school age in that district; and all acts, etc, inconsistent with this amendment, are repealed so far as inconsistent, etc. The present act, (90 O. L. 295) differs from the foregoing only in the method of ascertaining the amount to be paid on behalf of the non-resident pupils.
*619 It seems clear that the object of the supplementary section was to obviate a well known' inconvenience clue to the arrangement of sub-districts and the location of school houses in many parts of the state,it being the purpose of the legislature to provide for school children, who if confined to their own "districts, would be required to travel an inconvenient and burdensome distance, by giving them the right to attend a more convenient school in an adjoining district, independently of any contract between the, respective boards of education.
If this permission provided for is to proceed from the board of education of the district where the children reside, how is it to avail? If the other board is unwilling to receive the children, what is to be done? It seems to us that such permission would be but an empty ceremony.
But if the permission is to be given by the receiving board, then there is no obstacle to the children attending school. They cannot be deprived of school privileges; for they must be admitted if they fall within the class entitled to attend outside the district of their residence; and the sending board is not concerned in the matter beyond paying for the tuition, which it was entirely competent to the general assembly to require of them.
A large portion of the school fund is derived from the state, and the legislature may direct, as they always have done, how it may be expended.
We see no difficulty in a board of education to which application is made for thé admission of a non-resident pupil, ascertaining whether such pupil is entitled to the benefit secured to it by the act in question. That done, the" board must permit the pupils to attend; and the board of the district where the pupils reside must pay for it.
But as we have said before, if we hold that permission is to emanate from the board of the district where the pupil resides, and no duty, is imposed upon the other board, the permission woirld be futile and ineffectual.
Marcus Slump, for plaintiff.
M. T. Hartley, for defendant.
The views we indicate, somewhat crudely for want of time to be more perspicuous, are, we think, the more reasonable, and will undoubtedly effect the object of the statute, without any of the many difficulties which counsel seem to anticipate.
The argument of learned counsel for the defendant in error, and the reasoning of the learned judge below, seem to us more specious and ingenious, than sound. “Permit” —“allow”'—“suffer'” are synonymous in popular speech. Statutes should be construed with reference to convenience, and the object sought, rather than nice philological distinctions, which probably never entered, the mind of the general assembly.
Reversed. Demurrer sustained, and remanded for further proceedings.